**228 P.2d 432**

### STATE v. BALDWIN.

### No. 5288.

Supreme Court of New Mexico.

Feb. 28, 1951.

J. S. McGarry, Carlsbad, for appellant.

Joe L. Martinez, Atty. Gen., Walter R. Kegel, Asst. Atty. Gen., for appellee.

LUJAN, Chief Justice.

By an information the defendant was charged with the crime of grand larceny, in that he stole welding equipment consisting of 2 gauges, one 35 foot hose and a cutting torch from one N. D. Wiseman. The jury found defendant guilty. From the judgment of conviction which was thereafter entered, defendant prosecutes this appeal.

The facts which form the background of the instant prosecution appear to be as follows:

Mr. Wiseman, prosecuting witness, testified that he was a building contractor; that the defendant had worked for him several times during the two months preceding the theft and knew of the equipment and the location where it was kept; that on or about May 2, 1949, he discovered some of his welding material miss--

ing; that he had seen it at its regular location two or three days before it was taken; that he saw the defendant before he found his equipment, but defendant said nothing about it; that the defendant came to his house sometime after the equipment had been stolen and that he told him then that it had been lost; that an oxygen and acetylene drum had also been stolen at that time; that a short time thereafter he found his equipment in the possession of Alfred Sarrels, at Orla, Texas.

Mr. Wilburn Preston Davis, testified that he saw the defendant the first part of May at the Delaware River on this side of the Texas Line; that defendant's car was in a ditch on the side of the road; that he pulled him out; that he saw an acetylene drum and an oxygen drum as well as welding equipment in the back of defendant's car.

Mr. Alfred Sarrels, testified that the defendant came to his place of business about May 11th and at that time sold him some welding equipment for which he paid him $22.50; that shortly thereafter Mr. Wiseman came to his place of business and identified the equipment as that stolen from him; that he then turned the same over to him upon being refunded the money he had paid to the defendant.

Mr. Elmer Baker, a deputy sheriff, testified that defendant told him he had sold the equipment to Alfred Sarrels, at Orla, Texas, as commission agent for a certain Mr. Smith. Later he changed the name to Jones, but an investigation failed to find either of these gentlemen.

The defendant did not testify or offer any affirmative defense. The corpus delicti was established by the proof of the wrongful removal of the welding equipment from its regular repository by a human agency. The connection of defendant with the crime is established by the circumstances above detailed.

The refusal of directed verdict was not error, as the evidence strongly conduced to prove defendant's guilt. The welding equipment was found in the possession of a man in Texas to whom it had been sold by the defendant a short time after it disappeared from complaining witness's premises. The defendant voluntarily admitted that he sold the equipment on a commission basis for an unknown Smith or Jones to the man in Texas.

Finding no reversible error, the judgment is affirmed, and it is so ordered.

SADLER, McGHEE and COMPTON, JJ., concur.

COORS, J., did not participate.